**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
WIESLA W KAMINSKI,

                      Plaintiff,

                 -against-

VISUAL ID SOURCE, INC., ADAM KHALFAN,
FAYAZ KHALFAN, MOHAMMED KHALFAN,
SAMEER KHALFAN, and ZAHEER KHALFAN

                      Defendant.
-------------------------------------------------------------X

**<u>SUA SPONTE</u>**
**<u>REPORT AND</u>**
**<u>RECOMMENDATION</u>**

18-CV-00381 (WFK) (ST)

**TISCIONE, United States Magistrate Judge:**

       On January 19, 2018, Plaintiff Wieslaw Kaminski filed a complaint against Visual ID Source, Inc. ("Visual ID"), Adam Khalfan, Fayaz Khalfan, Mohammed Khalfan, Sameer Khalfan, and Zaheer Khalfan. (collectively the "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New York Labor Law ("NYLL"), New York Labor Law ("NYLL"), N.Y. Labor Law § 195, New York State Human Rights Law ("NYSHRL"), N.Y. Executive Law § 296(3)(a), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Cod § 8-107. *See* Compl., ECF No. 1. On September 11, 2019, then-Magistrate Judge Gary R. Brown cautioned the Plaintiff that failure to meet and confer with the defendants within 14 days might result in a report and recommendation to the district judge that the case should be dismissed for failure to prosecute. *See* Electronic Order, September 11, 2019. Since then, the Plaintiff has not made any attempts to contact the Defendant's counsel or the Court, including failing to appear for a court-ordered conference. *See* Min. Entry, January 28, 2020, ECF No. 30. For this reason, the Court has no choice but to recommend, *sua sponte*, that the District Court DISMISS this case for a failure to prosecute.

**A. Background**

       The Plaintiff alleges that Adam Khalfan, Fayaz Khalfan, Mohammed Khalfan, Sameer Khalfan, and Zaheer Khalfan are the owners, operators, and managers of Visual ID. *See* Compl.

¶¶ 10, 22, ECF No. 1.  Visual ID is a company based in New York that, inter alia, manufactures and designs signs, plaques, and logos. *See* Compl. ¶ 22, ECF No. 1; Answer ¶ 5, ECF No. 11.  The Plaintiff alleges that he was employed by the Defendants' as an etcher and finisher of metal plaques from June 1992 until his termination in January 2017. *See* Compl. ¶¶ 24, 58.  During this time, the Plaintiff alleges that he neither received a Wage Notice outlining his wage rate information, as required by NYLL (s*ee id.* ¶ 38-39), nor was he paid overtime wages even though he regularly worked in excess of 40 hours per week. *See id.* ¶¶ 31-35, 42-48.  Finally, the Plaintiff alleges that the Defendants' discriminated against him when they made comments about his age and ultimately terminated his employment. *See id.* ¶¶ 57-59.  As a result of the Defendants' alleged conduct, the Plaintiff seeks, inter alia, damages and attorney fees. *See id.* ¶ 106.

On June 15, 2018, then-Magistrate Judge Gary R. Brown scheduled an initial conference and instructed the parties to submit a joint discovery plan worksheet. *See* Electronic Order, June 15, 2018.  On July 27, 2018, the parties appeared by way of their respective attorneys for the initial conference and the Court entered the discovery order. *See* Min. Entry, July 24, 2018.  On September 27, 2018, the Plaintiff's then-attorney, Robert Wisneiwski, filed a motion to withdraw from his representation because the "Plaintiff inexplicably refuses to cooperate with [Wisneiwski] regarding [the Plaintiff's] discovery obligations and refuses to communicate with [Wisneiwski] and [his] personnel." Pl. Mot. to Withdraw, ECF No. 22.  Judge Brown granted the motion to withdraw on November 26, 2018 and instructed the Plaintiff to either retain new counsel or inform the court about proceeding pro se within 60 days. *See* Electronic Order, November 26, 2018.

According to the Defendants' counsel, as of July 10, 2019, he has been unable to communicate with the Plaintiff, who has not responded to any of his repeated attempts at contact. *See* Defs. Mot. to Compel Disc., ECF No. 25.  On September 11, 2019, Judge Brown granted the Defendants' motion to compel discovery and directed the Plaintiff to meet and confer with the Defendants' within 14 days. *See* Electronic Order, September 11, 2019.  Further, Judge Brown cautioned the Plaintiff that failure to comply with the Court's order might result in a report and recommendation to the district judge that this action be dismissed for failure to prosecute. *See id.*

2

On January 13, 2020, the Defendant's filed a second motion to compel discovery. *See* Defs. Motion to Compel Disc., ECF No. 27.  Again, the Defendants' counsel explained that he had been unable to communicate with the Plaintiff, despite several attempts to do so. *See id.*  This Court deferred ruling on the Defendant's motion to compel, scheduled an in-person hearing for January 28, 2020, and instructed the Defendant's counsel to immediately forward a copy of the order to the Plaintiff via return receipt delivery and to file proof of such with the Court. *See* Order, January 22, 2020.  On January 24, 2020, the Defendant's counsel filed an affidavit of service attesting to the fact that the Defendants' complied with the Court's order. *See* Defs. Aff. of Service, ECF No. 29.

On January 28, 2020, the Plaintiff failed to appear for the scheduled hearing. *See,* Min. Entry, ECF No. 30.  The Defendants' counsel reported to the Court that he had been unable to contact the Plaintiff in any way for more than nine months. *See id.*  Since September 11, 2019, when Judge Brown ordered the Plaintiff to meet and confer with the Defendants within 14 days and explicitly warned the Plaintiff that his failure to do so might result in a recommendation that the case be dismissed for failure to prosecute, the Plaintiff has not made any attempt to contact the Defendants or the Court. *See id.*

## B.  Analysis

Rule 41(b) of the Federal Rules of Civil Procedure explicitly authorizes a district court to dismiss a suit "[i]f the plaintiff fails to prosecute . . . ."  Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (stating that district courts can dismiss cases pursuant to their inherent authority to control their docket).  "[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962)).  Thus, in appropriate circumstances, "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Link*, 370 U.S. at 633.

Without a doubt, involuntary dismissal for failure to prosecute is a "harsh remedy" that

should be reserved for "extreme situations." *Lewis*, 564 F.3dd at 576 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). Thus, the Second Circuit has announced five factors (sometimes referred to as the "*Drake*" factors) relevant to whether involuntary dismissal is warranted in a given case:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). The Second Circuit has stressed that "[n]o one factor is dispositive," *U.S. ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011), and therefore this Court reviews all of the factors to provide a sufficient basis for the Court's disposition. *See Sigala v. Spikouris*, 345 F. App'x 636, 637 (2d Cir. 2009) (remanding where district court abused its discretion by failing to address the *Drake* factors, the evidence submitted by the plaintiff, or the Magistrate Judge's recommendation that the case be reopened after dismissal for failure to prosecute).

First, the delay has been of a "significant duration." Courts assessing this factor determine whether the plaintiff was the cause of the delay and whether the length of the delay is "significant" in the context of the case. *See Drake*, 375 F.3d at 255 (citation omitted). The factor weighs in favor of dismissal if the delays "are entirely attributable to plaintiff." *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013). In this case, the delays are entirely attributable to the Plaintiff. Beginning as early as September 27, 2018, the Plaintiff has seemingly refused to communicate with anyone regarding this case, including his then-attorney. The Plaintiff has not communicated with the Court or Defendant's counsel in over twelve months, in defiance of multiple orders from this Court to do so. This including the Plaintiff's most recent failure to appear for a motion hearing on January 28, 2020 before this Court.

Furthermore, the Plaintiff has failed to show *any* interest in prosecuting the case because the Plaintiff has not taken any action following the filing of a complaint. Although a complaint is

a necessary precondition to judgment, it is not sufficient alone. Thus, following the filing of the complaint in January 2018, and certainly since the Court relieved the Plaintiff's then-attorney in November 2018, the Plaintiff has not followed up by prosecuting the case in any way.

Although there is no bright line, courts have found delays of a few months sufficient for dismissal. *See Caussade v. United States*, 93 F.R.D. 625, 629 (S.D.N.Y. 2013) (citing cases dismissing after delays as short as three months). Courts dismiss after shorter delays when the plaintiff becomes completely inaccessible or fails to prosecute her case entirely. *See Garcia v. City of New York*, No. 14-CV-4160 (NGG) (LB), 2016 WL 1275621, at *3 (E.D.N.Y. Mar. 31, 2016) (dismissing after party had become unreachable and "failed to carry out even the most basic tasks associated with prosecuting the case"); *Lopez v. Catholic Charities of Archdiocese of New York*, No. 00-CV-1247 (AGS), 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing after delay of three months where "plaintiff . . . failed to take *any* steps to prosecute this action for at least three months").

In this case, the Plaintiff has failed to make any affirmative act following the filing of his January 2018 complaint, and has not communicated with the Defendant's counsel or the Court since November 2018. Thus, even utilizing November 2018 for calculation purposes, the delay in excess of twenty months favors dismissal, especially given the fact that plaintiff has, like in *Lopez*, "failed to take *any* steps to prosecute this action . . . ."

Second, the Plaintiff was given notice that dismissal was a possibility. Courts favor dismissal when plaintiff was notified of the possibility of dismissal, even though notice is not a prerequisite to dismissing an action. *See Caussade*, 293 F.R.D. at 630 (citing *Link*, 370 U.S. at 633 ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so[.]")). As stated above, as early as September 2019, the Plaintiff in this case was cautioned by the Court that if he failed to comply with the Court's order to meet and confer with the Defendants', it might result in a report and recommendation to the district judge that the action be dismissed for failure to prosecute. Thus, the Plaintiff was on notice, and, to date, has failed to take any action or comply with any order of this Court. For example, the Plaintiff

5

failed to appear on January 28, 2020 for an in-person hearing wherein he might have offered some explanation. Given the plaintiff's notice, ample time to respond, and opportunity to appear, this Court finds that the second factor favors dismissal.

Third, the Defendants will be prejudiced by further delays. Typically, a court examining the third factor will examine the length of the delay to determine whether there is a rebuttable presumption of prejudice or whether there is a need to prove actual prejudice. *See Caussade*, 293 F.R.D. at 630 ("A rebuttable presumption that a defendant was prejudiced may arise where the delay was lengthy and inexcusable . . . . However, in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." (internal quotation marks and citations omitted)). "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). "The probability of prejudice to a defendant that has not been served process for a particularly long period of time is high." *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) (citation omitted). Here, in light of the Plaintiff's apparent unwillingness to participate in the discovery process, along with the complete absence of any excuse for the lengthy delay, this Court finds that the third factor favors dismissal.

Fourth, dismissal would seek the proper balance between expediency and the rights of the plaintiff. The fourth factor asks whether a district court has struck the proper "balance" between alleviating excess cases on the docket with the litigant's right to be heard. Courts look at whether a litigant has been given an opportunity "to be heard on the issue of failure to prosecute," *Martens v. Thomann*, 273 F.3d 159, 182 (2d Cir. 2001), and courts also consider the plaintiff's "interest in prosecuting [her] case." *Caussade*, 293 F.R.D. at 631. In this case, the Court should reduce docket congestion by dismissing the case. The Plaintiff has shown no interest in litigating this case as he has essentially laid dormant for almost two years and failed to move the case forward at all. *See id.* (dismissing where plaintiff was not in contact with counsel for approximately five months and failed to respond to requests to schedule a deposition). Furthermore, the Court ordered the Plaintiff

to appear at a hearing wherein he would have had an opportunity to litigate the issue of his failure to prosecute, but he did not appear.  Accordingly, the fourth factor favors dismissal.

Finally, because the Plaintiff has shown no interest in litigating his case, there is no efficacious option but dismissal.  Courts generally ask whether "lesser sanctions would [be] sufficient to remedy any prejudice resulting from plaintiff's delay." *Drake*, 375 F.3d at 257 (citations omitted).  "[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Caussade*, 293 F.R.D. at 631 (quoting *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010)).  Courts consistently find that dismissal is appropriate where a plaintiff has disappeared. *See id.* (citing cases); *see also Garcia v. City of New York*, 2016 WL 1275621, at *4. Here, the Plaintiff has effectively disappeared, as he has not communicated with Defendants' counsel or the Court, despite repeated attempts by the Defendants' counsel to contact the Plaintiff and repeated orders by this Court to comply.  In such circumstances, dismissal is the appropriate remedy. *See Shannon v. General Elec. Co.*, 186 F.3d 186, 195–96 (2d Cir. 1999) (affirming dismissal where the plaintiff failed to respond after the district court "gave [the plaintiff] specific notice that his case had been placed on the dismissal calendar, directed him to file an affidavit 'as to why the action should not be dismissed,' and gave him an opportunity to respond both in writing and during a telephone conference").  The final factor favors dismissal.

### C.  Conclusion

This Court finds that all five of the *Drake* factors favor dismissal.  I recommend that the District Court DISMISS the instant action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]  Counsel for the Defendants is directed to immediately forward a copy of this R&R to the Plaintiff at his last known address and file proof of service with this Court.

### D.  Objections to this Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

---

[1]  *See Garcia*, 2016 WL 1275621, at *4 (dismissing with prejudice); *Caussade*, 293 F.R.D. at 631–32 (same).

Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x. 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x. 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**


_____/s/_____

Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York


Dated: Brooklyn, New York
        October 6, 2020